UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KENNETH ALLEN WELCHES, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) Case No. 1:20-cv-02607-TWP-MPB |
| MARK SEVIER, | ) ) ) |
| Respondent. | ) |

**ORDER GRANTING MOTION TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY**

This matter is before the Court on the Respondent Mark Sevier's Motion to Dismiss, (Dkt. 6). Petitioner Kenneth Allen Welches ("Welches") initiated this action on October 6, 2020 by filing a Petition for a Writ of Habeas Corpus. (Dkt. 1.) Welches challenges his convictions for child molesting in Indiana state court under Cause Number 71D03-1301-FC-000010. He raises three claims: constitutional error in the admission of evidence, improper comments made during *voir dire*, and ineffective assistance of trial and appellate counsel. (Dkt. 1 at 5–9.) The Respondent argues that the Petition must be denied because Welches' claims are procedurally defaulted. (Dkt. 6.) For the reasons explained in this Order, the Respondent's Motion to Dismiss, (Dkt. 6), is **granted,** and Welches' Petition for a Writ of Habeas Corpus is **dismissed with prejudice**. In addition, the Court finds that a certificate of appealability should not issue.

**I.     BACKGROUND**

After a jury trial, Welches was convicted of two counts of child molesting. On direct appeal, Welches claimed that the trial court abused its discretion in denying a motion to have an alternate juror seated after the jury had been selected, that two pictures of the victim should not have been admitted, and that the evidence was insufficient to support his convictions. (Dkt. 6-5.)

The Indiana Court of Appeals rejected these claims and affirmed his convictions on September 13, 2016. (Dkt. 6-7.) Welches did not file a petition to transfer to the Indiana Supreme Court. (Dkt. 6-2 at 4–5.)

On September 12, 2017, he filed a *pro se* petition for post-conviction relief raising ineffective assistance of counsel claims, improper denial of admission of rebuttal evidence, and improper comments during *voir dire*. (Dkt. 6-3 at 2–3; Dkt. 6-8.) The state post-conviction court denied his petition. (Dkt. 6-9.) On appeal from this denial, Welches raised two issues:

> A.  Was it fundamental trial error when the trial court refused submission of material evidence in the cross examination of a State witness, resulting in an[] unfair trial?
>
> B.  Did improper language taint[] the jury selection process, denying the Defendant a fair and impartial jury?

(Dkt. 6-10 at 2.) Although he briefly mentioned that his trial counsel referred to the victim as "the victim," and told the jury Welches would not testify unless the prosecution met its burden of proof, Welches did not raise any issues of ineffective assistance of counsel to the Indiana Court of Appeals. *Id.* at 13-14. The Indiana Court of Appeals affirmed the denial of post-conviction relief, holding that Welches' claims were "waived because the issues were known and available, but not raised on direct appeal." (Dkt. 6-12 at 2.) Welches filed a petition to transfer, which was unanimously denied by the Indiana Supreme Court. (Dkt. 6-12; Dkt. 6-14.)

Welches then filed his Petition for a writ of habeas corpus in this Court. (Dkt. 1.) He raises three claims: constitutional error in the admission of evidence, improper comments made during *voir dire*, and ineffective assistance of trial and appellate counsel.

## II.  APPLICABLE LAW

A federal court may grant habeas relief to a person in custody pursuant to the judgment of a state court only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a).  Where a state court has adjudicated the merits of a petitioner's claim, a federal court cannot grant habeas relief unless the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Section 2254(d) is not the only obstacle to habeas relief.  A petitioner may procedurally default his claim by failing to fairly present it "throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in post-conviction proceedings." *Richardson v. Lemke*, 745 F. 3d 258, 268 (7th Cir. 2014).  Or a claim may be procedurally defaulted if the most recent reasoned state court decision to address the claim rejects it based on "'a state law ground that is both independent of the federal question and adequate to support the judgment.'" *Id.* (quoting *Kaczmarek v. Rednour*, 627 F.3d 586, 591 (7th Cir. 2010)).

"A procedural default will bar federal habeas relief unless the petitioner can demonstrate both cause for and prejudice stemming from that default, *or* he can establish that the denial of relief will result in a miscarriage of justice." *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004) (internal citations omitted).

## III.  DISCUSSION

The Respondent argues that Welches' claims are procedurally defaulted.  Following his conviction, Welches did not seek transfer to the Indiana Supreme Court on direct appeal and he

3

did not raise his ineffective assistance of counsel claims in his post-conviction appeal. Welches' response recites the cause and prejudice and miscarriage of justice standards for overcoming procedural default, but he does not develop any argument as to how those standards apply to his case. The Court liberally construes his argument to be that appellate counsel did not raise the issues Welches thought should have been raised on direct appeal and did not petition for transfer to the Indiana Supreme Court.

But Welches cannot overcome procedural default of his direct appeal claims with an ineffective assistance of appellate counsel claim because he did not exhaust that claim in state court. Although counsel's ineffectiveness may excuse a default, "ineffective assistance adequate to establish cause for the procedural default of some *other* constitutional claim is *itself* an independent constitutional claim." *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). In other words, "the assertion of ineffective assistance as a cause to excuse a procedural default in a § 2254 petition is, itself, a constitutional claim that must have been raised before the state court or be procedurally defaulted." *Lee v. Davis*, 328 F.3d 896, 901 (7th Cir. 2003) (citing *Edwards*, 529 U.S. at 453); *see also Gray v. Hardy*, 598 F.3d 324, 330 (7th Cir. 2010) (same).

Welches raised ineffective assistance of counsel claims in his *pro se* petition for post-conviction relief but reverted back to his direct appeal claims when he appealed the post-conviction court's denial of his petition. He argues that he discussed ineffective assistance of counsel in his brief in support of his petition to transfer, but neither Welches' brief in support of his appeal nor his brief in support of his petition to transfer included an ineffective assistance of counsel claim. Passing mentions of counsel's deficiencies in those briefs did not fairly present the claims to the state courts. *Simpson v. Battaglia*, 458 F.3d 585, 594 (7th Cir. 2006) (federal claim is not fairly

presented unless the petitioner "put[s] forward operative facts and controlling legal principles") (citation and quotation marks omitted).

Furthermore, Welches' claims regarding the exclusion of evidence (framed here as a Confrontation Clause violation) and comments made by the trial court during *voir dire* are procedurally defaulted for an additional reason—they were decided on the independent and adequate state law ground of waiver. Welches raised these issues on appeal of the denial of his state petition for post-conviction relief. The Indiana Court of Appeals found the claims were waived, and waiver is an independent and adequate state law ground. *See Ward v. State*, 969 N.E.2d 46, 51 (Ind. 2012) ("[i]ssues available on direct appeal but not raised are waived."); *Richardson*, 745 F. 3d at 271 (waiver is adequate and independent state law ground). These claims are therefore procedurally defaulted and precluded from federal habeas review. *See Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.") (citation and quotation marks omitted)).

As discussed above, Welches has not met the cause and prejudice standard to overcome his default. Neither has he satisfied the miscarriage of justice standard, which requires a petitioner to "show that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent' such that 'it is more likely than not that no reasonable juror would have convicted [the petitioner] in the light of the new evidence.'" *Thomas v. Williams*, 822 F.3d 378, 386-87 (7th Cir. 2016) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). The petitioner must present "'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" *Id.* at 387 (quoting *House v. Bell*, 547 U.S. 518, 537 (2006)). Welches has not presented new evidence of innocence, only legal argument, so he is not excused from procedural default on this basis.

## IV.  CONCLUSION

In summary, Welches' claims are procedurally defaulted because he failed to raise them at each level in the state court system.  His first two claims are also procedurally defaulted because they rest on an independent and adequate state law ground.  Welches has not established cause to excuse the procedural default.  Therefore, the Respondent's Motion to Dismiss, (Dkt. [6]), is **GRANTED** and Welches' Petition for Writ of Habeas Corpus, (Dkt. [1]), is **DISMISSED with prejudice**.  Final judgment in accordance with this decision shall issue.

## V.  CERTIFICATE OF APPEALABILITY

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal."  *Buck v. Davis*, 137 S. Ct. 759, 773 (2017).  Instead, a state prisoner must first obtain a certificate of appealability.  *See* 28 U.S.C. § 2253(c)(1).  "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.'"  28 U.S.C. § 2253(c)(2).  In deciding whether a certificate of appealability should issue, "the only question is whether the applicant has shown that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Buck*, 137 S. Ct. at 773 (citation and quotation marks omitted).  Where a claim is resolved on procedural grounds (such as default), a certificate of appealability should issue only if reasonable jurists could disagree about the merits of the underlying constitutional claim *and* about whether the procedural ruling was correct.  *Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a

6

final order adverse to the applicant." Reasonable jurists would not dispute that Welches' claims are procedurally defaulted, and nothing about the claims deserves encouragement to proceed further.

The Court therefore **DENIES** a certificate of appealability.

**SO ORDERED**.

Date: 5/7/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Kenneth Allen Welches, #258483
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
New Castle, Indiana  47362

Tyler G. Banks
INDIANA ATTORNEY GENERAL'S OFFICE
tyler.banks@atg.in.gov