UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KENNETH ALLEN WELCHES, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) Case No. 1:20-cv-02607-TWP-MPB |
| MARK SEVIER, | ) ) ) |
| Respondent. | ) ) |

**ORDER DENYING RESPONDENT'S MOTION TO DISMISS
AND DIRECTING FURTHER PROCEEDINGS**

This matter is before the Court on the Respondent Mark Sevier's ("Respondent") Motion to Dismiss, (Dkt. 6)[1]. Petitioner Kenneth Allen Welches ("Welches") initiated this action on October 6, 2020, by filing a Petition for Writ of Habeas Corpus. (Dkt. 1.) Welches challenges his convictions for child molesting in Indiana state court under Cause No. 71D03-1301-FC-000010. He raises three claims: constitutional error in the admission of evidence, improper comments made during *voir dire*, and ineffective assistance of trial and appellate counsel. (Dkt. 1 at 5-9.) Respondent argues that the Petition must be denied because Welches' claims are procedurally defaulted. (Dkt. 6.) For the reasons explained in this Order, the Respondent's Motion to Dismiss is **denied**.

### I.   BACKGROUND

In 2015, a jury convicted Welches of two counts of child molesting. On direct appeal, Welches claimed that the trial court abused its discretion in denying a motion to have an alternate juror seated after the jury had been selected, that two pictures of the victim should not have been admitted, and that the evidence was insufficient to support his convictions. (Dkt. 6-5.) The Indiana Court of

---

[1] The Court previously granted Respondent's Motion to Dismiss (Dkts. 8, 9); however, on March 16, 2022, the Court granted Welches' Motion to Alter and Amend Judgment, and directed the Clerk to reopen this case for re-consideration of the Motion to Dismiss. (Dkt. 12).

Appeals rejected these claims and affirmed his convictions on September 13, 2016. (Dkt. 6-7.) Welches did not file a petition to transfer to the Indiana Supreme Court. (Dkt. 6-2 at 4–5.)

On September 12, 2017, Welches filed a *pro se* petition for post-conviction relief raising ineffective assistance of counsel claims, improper denial of admission of rebuttal evidence, and improper comments during *voir dire*. (Dkt. 6-3 at 2-3; Dkt. 6-8.) The state post-conviction court denied his petition. (Dkt. 6-9.) On appeal from this denial, Welches raised two issues:

> A. Was it fundamental trial error when the trial court refused submission of material evidence in the cross examination of a State witness, resulting in an[] unfair trial?
>
> B. Did improper language taint[] the jury selection process, denying the Defendant a fair and impartial jury?

(Dkt. 6-10 at 2.) Welches briefly mentioned that his trial counsel referred to the victim as "the victim," and told the jury Welches would not testify unless the prosecution met its burden of proof. Welches later filed a notice of additional authorities with the appeals court, which alleged that his trial counsel contributed to the alleged flaws in the jury selection process and failed to object to the improper language used by the State during jury selection. He also alleged that his appellate counsel failed to raise his evidentiary and jury selection issues on direct appeal. He included citations to Indiana case law that referenced federal standards for ineffective assistance of counsel. (Dkt. 7-1.)

The Indiana Court of Appeals affirmed the denial of post-conviction relief, but only ruled on his two standalone claims, holding that they were "waived because the issues were known and available, but not raised on direct appeal." (Dkt. 6-12 at 2.) Welches then filed a petition to transfer which also raised his ineffective assistance of counsel claims, albeit not in his issues section. (Dkt. 6-13 at 9) (arguing that "[t]he Strickland standard should apply to all errors" by trial and appellate counsel and outlining facts supporting these claims). The Indiana Supreme Court unanimously denied the transfer petition. (Dkt. 6-14.)

On October 6, 2020, Welches filed his Petition for Writ of Habeas Corpus in this Court. (Dkt.

2

1.) He raises three claims: constitutional error in the admission of evidence, improper comments made during *voir dire*, and ineffective assistance of trial and appellate counsel.

## II. APPLICABLE LAW

A federal court may grant habeas relief to a person in custody pursuant to the judgment of a state court only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a). Where a state court has adjudicated the merits of a petitioner's claim, a federal court cannot grant habeas relief unless the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Section 2254(d) is not the only obstacle to habeas relief. A petitioner may procedurally default his claim by failing to fairly present it "throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in post-conviction proceedings." *Richardson v. Lemke*, 745 F. 3d 258, 268 (7th Cir. 2014). Or a claim may be procedurally defaulted if the most recent reasoned state court decision to address the claim rejects it based on "'a state law ground that is both independent of the federal question and adequate to support the judgment.'" *Id.* (quoting *Kaczmarek v. Rednour*, 627 F.3d 586, 591 (7th Cir. 2010)).

"A procedural default will bar federal habeas relief unless the petitioner can demonstrate both cause for and prejudice stemming from that default, *or* he can establish that the denial of relief will result in a miscarriage of justice." *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004) (internal citations omitted).

## III. DISCUSSION

The Respondent argues that Welches' claims are procedurally defaulted because Welches did

not seek transfer to the Indiana Supreme Court on direct appeal and he did not raise his ineffective assistance of counsel claims in his post-conviction appeal. In his response, Welches argues that he did raise his ineffective assistance of counsel claims in a notice of additional authorities to the Indiana Court of Appeals and in his petition to transfer to the Indiana Supreme Court. (Dkt. 7.) He also recites the cause and prejudice and miscarriage of justice standards for overcoming procedural default, but he does not develop any argument as to how those standards apply to his case. The Court liberally construes this argument to be that appellate counsel did not raise the issues Welches thought should have been raised on direct appeal and did not petition for transfer to the Indiana Supreme Court.

Although trial counsel's ineffectiveness may excuse a default, "ineffective assistance adequate to establish cause for the procedural default of some *other* constitutional claim is *itself* an independent constitutional claim." *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000) (emphases in original). In other words, "the assertion of ineffective assistance as a cause to excuse a procedural default in a § 2254 petition is, itself, a constitutional claim that must have been raised before the state court or be procedurally defaulted." *Lee v. Davis*, 328 F.3d 896, 901 (7th Cir. 2003) (citing *Edwards*, 529 U.S. at 453); *see also Gray v. Hardy*, 598 F.3d 324, 330 (7th Cir. 2010) (same). Thus, if Welches exhausted his ineffective assistance of appellate counsel claims, he may have also overcome the procedural default of his standalone claims.

When, as here, the question of procedural default is a close one, courts can opt to bypass the question of default and address the claims on the merits. *See Brown v. Watters*, 599 F.3d 602, 610 (7th Cir. 2010) (holding that because the procedurally defaulted claims lacked merit, the court could bypass a "difficult" actual innocence claim and address the defaulted claims on the merits); *see also Miller v. Mullin*, 354 F.3d 1288, 1297 (10th Cir. 2004) (declining to address whether certain claims were procedurally defaulted because, "[i]n the interest of judicial economy, . . . the case may be more

4

easily and succinctly affirmed on the merits").

## IV.  CONCLUSION

For these reasons, Respondent's Motion to Dismiss, Dkt. [6], is **DENIED**. Respondent shall have **through Friday, April 15, 2022**, to brief the merits of Welches' claims. Welches shall have **twenty-eight (28) days** from the date of Respondent's filing to reply.

**SO ORDERED.**

Date: 3/17/2022

_____
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Kenneth Allen Welches, #258483
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
New Castle, Indiana  47362

Tyler G. Banks
INDIANA ATTORNEY GENERAL'S OFFICE
tyler.banks@atg.in.gov